UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| DAVID SHARP | ] | |
|---|---|---|
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:14-1186 |
| | ] | Judge Campbell |
| DERRICK SCHOFIELD, et al. | ] | |
| Defendants. | ] | |

# **M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Deberry Special Needs Facility in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act against Derrick Schofield, Commissioner of the Tennessee Department of Correction; Bruce Westbrook, Warden of the Deberry Special Needs Facility; John Dye, a Corrections Officer at Deberry; seven other members of the Deberry staff; the Nashville General Hospital; and a nurse (Nurse Jackie) at the Nashville General Hospital; seeking declaratory, injunctive and monetary relief.

On May 15, 2013, the plaintiff and four other Deberry inmates were loaded into a van for transport to the Nashville General Hospital for medical appointments. The plaintiff was injured exiting the van at the hospital. Apparently, the injury (broken left ankle) was caused in part by the shackles around his hands and legs and the failure of Officer Dye to prevent plaintiff's injuries.

Officer Dye brought the plaintiff a wheelchair and took him to a holding area in the hospital. Nurse Jackie noticed the problems that the plaintiff was having with his injured leg and ankle. She moved the plaintiff to the Emergency Room where x-rays were taken of his injuries.

The plaintiff was given an injection for pain. The ankle was placed in a splint and the plaintiff was scheduled for surgery two days later. The plaintiff underwent the needed surgery.

The plaintiff claims that Nashville General Hospital is in violation of the Americans with Disabilities Act because it did not have an adequate means by which he could exit the van without being injured. He alleges that Officer Dye applied force "maliciously and sadistically" while he tried to help the plaintiff from the van. Commissioner Schofield and Warden Westbrook allegedly violated the plaintiff's rights by failing to act upon his grievances and the remaining defendants have supposedly denied him adequate post-surgical care.

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976).

In this case, the plaintiff acknowledges that he received medical care for the ankle which included surgery. His concerns seem to be with the care or lack of care he received post-operation. More specifically, he claims that the "failure .... to remove the Plaintiff's stitches and staples from his operation sites", as well as the "denial of follow up examination and treatment of his broken ankle with therapy" constitutes deliberate indifference to his serious medical needs. Docket Entry No. 1 at pg. 7.

The plaintiff states that he is still experiencing pain and swelling in the ankle. He has not, however, set forth factual allegations showing how each of the defendants involved in his medical care acted to deprive him of needed treatment. As a consequence, the plaintiff has failed to state a

claim for relief based upon the deprivation of medical care.

The plaintiff claims that Officer Dye used excessive force while he attempted to prevent the plaintiff from falling from the van. He characterized the force as being both malicious and sadistic. However, in a grievance attached to the complaint, the plaintiff says that Officer Dye is liable "for his negligent treatment and handling of grievant which subsequently lead {*sic*} to the breaking of both bones in grievant's ankle." Negligent conduct is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. Estelle v. Gamble, 97S.Ct. 285 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. Whitley v. Albers, 106 S.Ct. 1078, 1084 (1986)(Eighth Amendment); Daniels v. Williams, 106 S.Ct. 662, 666 (1986)(Fourteenth Amendment). Thus, the plaintiff has failed to state a claim against Officer Dye.

The plaintiff asserts a claim under the Americans with Disabilities Act against Nashville General Hospital for failing provide a safe means by which he could exit the van. However, the plaintiff has failed to plead that he was disabled within the meaning of the statute at the time that he arrived at the hospital. Thus, the plaintiff has no standing to assert an ADA claim against the Nashville General Hospital.

Finally, the plaintiff claims that Commissioner Schofield and Warden Westbrook violated his rights by failing to act upon his grievances. Liability under § 1983 must be based upon active unconstitutional behavior and cannot be based upon "a mere failure to act". Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). Consequently, the plaintiff has failed to state a claim against these defendants.

Absent a violation of federal law, the plaintiff is unable to prove every element of a § 1983 cause of action. As a result, he has failed to state a claim upon which relief can be granted. When a prisoner proceeding in forma pauperis has failed to state a claim for relief, the Court is obliged to

dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge